## MATTER OF DUNCAN

### In Visa Petition Proceedings

#### A-20657788

*Decided by Board April 21, 1975*

On appeal, petitioner seeks the approval of a visa petition to accord his son preference classification under section 203(a)(2) of the Immigration and Nationality Act. The appeal is sustained and the petition is approved because beneficiary was shown to have been legitimated under the laws of Liberia as established by: (1) a certified copy of the court order of legitmation (while the beneficiary was under age 18), (2) a certified copy of the registration of the beneficiary's birth, and (3) a court order certifying petitioner as the natural father of the beneficary.

ON BEHALF OF PETITIONER: Donald Garfinkle, Esquire
3111 Cadillac Tower
Detroit, Michigan 48226

This is an appeal from an order of the district director denying a visa petition to accord the beneficiary status as an immediate relative pursuant to section 203(a)(2) of the Immigration and Nationality Act as the child of a lawful permanent resident of the United States. The visa petition was denied on the ground that an illegitimate child cannot qualify as a child under the Immigration and Nationality Act unless legitimated under the law of the father's or child's residence or domicile and the child is in the legal custody of the legitimating parent at the time of such legitimation. The appeal will be sustained.

The petitioner, a native of the Republic of Liberia, is a permanent resident of the United States. He filed a petition to classify the status of his alien relative for issuance of an immigrant visa. The beneficiary is a native and citizen of the Republic of Liberia, born October 24, 1958, male. The petitioner has acknowledged that he has never married the beneficiary's natural mother. He contends, however, that he has legitimated the child under the Liberian Code of Laws. He has submitted (1) a certified copy of an order of the Probate Court, Montserrado County, Republic of Liberia, dated May 30, 1974, legitimating the petitioner's illegitimate child, Maxwell Duncan, (2) a certificate of registration of birth of Maxwell Duncan, National Health Service, Republic of Liberia, and (3) an order of the Judicial Branch, Territorial Court, Bomi Terit-

ory, Republic of Liberia, dated December 28, 1973, certifying that the petitioner and Mary Debar are the natural parents of Maxwell Duncan, that Mary Debar has given her consent for Maxwell Duncan to join his father in the United States, and the court granted Maxwell Duncan permission to join his father in the United States.

We have carefully reviewed the record and examined the court order legitimating the beneficiary. We are satisfied that the legitimation of the beneficiary conforms with the requirements of Title 18, Liberian Code of Laws of 1956, section 530.[1] It is concluded that under Title 18, section 530, Liberian Code of Laws (1956), the beneficiary in this case has been legitimated and qualifies as a child within the meaning of section 101-(b)(1)(C) of the Immigration and Nationality Act. The appeal will be sustained.

ORDER: The appeal is sustained, and the visa petition is approved.

---

[1] See Liberian Supreme Court's decision in *Prout* v. *Cooper*, 5 *Liberian Law Reports* 412 (1937).